Ronald P. Pope #11913
Thomas B. Diehl #23166
RALSTON, POPE & DIEHL, L.L.C.
2913 SW Maupin Lane
Topeka, KS 66614
E-mail: ron@ralstonpope.com
(785)273-8002
(785)273-0744 [FAX]
ron@ralstonpope.com
tom@ralstonpope.com
*Attorney for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARVIE WATSON ) | |
| ) | |
|   PLAINTIFF ) | |
| ) | |
| vs. ) | No. 12-cv-2063 JAR/KGG |
| ) | |
| ALAELDIN A. ABABNEH, M.D.; ) | |
| JOHN R. EPLEEE, M.D; ) | |
| ATCHISON HOSPITAL ASSOCIATION, ) | |
| INC,; AND ATCHISON HOSITAL ) | |
| BOARD OF DIRECTORS ) | |
| ) | |
|   DEFENDANTS ) | |

**COMPLAINT**

COMES NOW the Plaintiff, by and through his counsel Ronald P. Pope and Thomas B. Diehl of Ralston, Pope & Diehl, L.L.C. and for his causes of action against the Defendants alleges and states as follows:

**I.   THE PARTIES:**

1.   This action is a diversity action between a citizen of another state and citizens of the state of Kansas.

1

2.    Plaintiff is a resident and citizen of Bradford, White County, Arkansas.

3. Defendant Alaeldin A. Ababneh, M.D., is a physician licensed to and practicing medicine in the State of Kansas with a current and correct professional post office address of 5514 Corporate Drive #150 St. Joseph, MO 64507.  Process and service of process is requested upon said defendant by serving him at the above stated address.

4. Defendant John R. Eplee, M.D., is a physician licensed to and practicing medicine in the State of Kansas with a current and correct professional post office address of 820 Raven Hill Dr. Suite #102, Atchison, Kansas 66002. Process and service of process is requested upon said **defendant by serving him at the above stated address.**

5.    Defendant Atchison Hospital Association, Inc. is a domestic not-for profit corporation which operates the Atchison Hospital located at 800 Raven Hill Dr. in Atchison, Atchison County, Kansas.  This defendant made be properly served by serving its resident agent REGISTERED AGENT KANSAS, LTD. At 10851 Mastin Blvd.  Suite 1000, Overland Park, Kansas 66210.  Process and service of process is requested upon said defendant by serving its resident agent as outlined above.

2

6. Defendant Atchison Hospital Board of Directors is the governing board for Atchison Hospital and has the ultimate responsibility for the operation of the Atchison Hospital.

7. Defendant Atchison Hospital Board of Directors may be properly served by serving D. Mark Windsor, Chairman at 800 Raven Hill Drive, Atchison, Kansas 66002. Process and service of process is requested upon said defendant as outlined above.

## II.   JURISDICITON AND VENUE:

8. The plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-7 above as thou fully set forth.

9. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. Sec. 1332 and the laws of the United States of America wherein the plaintiff and all of the defendants are citizens of different states and the amount in controversy exceeds the value of $75,000.00 exclusive of interests and costs.

10. Upon information and belief, complete diversity exists between the plaintiff and the defendants.

**III. FACTS COMMON TO ALL COUNTS:**

11. The plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-10 above as thou fully set forth.

12. At all times material hereto, defendant Alaeldin A. Ababneh, M.D., held himself out as offering that degree of medical care and treatment as other physicians with the same or similar training under the same or similar circumstances.

13. At all times material hereto defendant Alaeldin A. Ababneh M.D. held a physician-patient relationship with plaintiff Harvie Watson.

14. At all times material hereto, defendant John R. Eplee, M.D., held himself out as offering that degree of medical care and treatment as other physicians with the same or similar training under the same or similar circumstances.

15. At all times material hereto, defendant John Eplee M.D. held a physician-patient relationship with plaintiff Harvie Watson.

16. At all times material hereto, defendant Atchison Hospital Association, Inc. and/or defendant Atchison Hospital Board of Directors held out Atchison Hospital as offering that degree of medical care and

4

treatment as other hospitals in the same or similar circumstances.

17. That for some time prior to February 18, 2010 defendant John R. Eplee M.D. had treated the plaintiff for the plaintiff's known cardiac conditions and defendant Eplee had arranged for the plaintiff to undergo an exercise stress test at Atchison Hospital.

18. On or about February 18, 2010 defendant Alaeldin A Ababneh M.D. and agents and employees of Atchison Hospital performed an exercise stress echocardiogram test on the plaintiff at Atchison Hospital in Atchison, Atchison County, Kansas.

19. Defendant Alaeldin A. Ababneh M.D. and agents and employees of Atchison Hospital Association, Inc. negligently performed the above referenced February 18, 2010 exercise stress test.

20. After negligently conducting the exercise stress echocardiogram test on February 18, 2010 defendant Alaeldin A. Ababneh M.D. incorrectly and negligently read and interpreted the findings of the above referenced exercise stress echo test as normal.

21. After negligently conducting, reading and interpreting the above referenced exercise stress test defendant Alaeldin A. Ababneh M.D. and agents and

5

employees of Atchison Hospital Association, Inc. negligently reported the findings of this exercise stress test as normal to defendant John Eplee M.D. and others.

22. Following the February 18, 2010 exercise stress test the plaintiff continued to have cardiac symptoms, problems and complaints which he reported to defendant John R. Eplee M.D. and which defendant John Eplee M.D. continued to treat.

23. That as part of his care and treatment of the plaintiff's cardiac problems and complaints after February 18m 2010 defendant John R. Eplee M.D. negligently relied upon the incorrect findings of the exercise stress test as reported to him by defendant Alaeldin A. Ababneh M.D. and/or employees and agents of defendant Atchison Hospital.

24. On or about February 26, 2010 plaintiff Harvie Watson suffered a severe myocardial infraction which resulted in extensive medical problems, complications and disabilities all of which ultimately required the plaintiff to undergo open heart bypass surgery and receive extensive additional medical care and treatment.

25. The medical care, diagnosis, evaluation and treatment which the defendants, individually and by and through their agents and employees, provided to plaintiff

6

Harvie Watson fell below the acceptable standard of medical care and treatment and constituted negligence and fault on the part of these defendants individually and their agents and employees.

26.  Said departures from the acceptable standard of medical care and treatment on the part of these defendants, individually and by and through their agents and employees, include, but are not limited to, the following:

    a.  Failure to properly assess Harvie Watson during his February 18, 2010 exercise stress echocardiogram test;

    b.  Failure to properly administer the February 18, 2010 exercise stress echocardiogram test to Harvie Watson;

    c.  Failure to properly read and/or interpret the results of the February 18, 2010 exercise stress echocardiogram test performed upon Harvie Watson;

    d.  Negligently reporting the results of the February 18, 2010 exercise stress echocardiogram test performed on Harvie Watson as normal;

    e.  Negligently relying upon the interpretation of the February 18, 2010 exercise stress echocardiogram test as normal;

   f. Failing to provide proper medical diagnosis, care and treatment to Harvie Watson.

 27. Defendants Atchison Hospital Association, Inc. and/or Atchison Hospital Board of Directors are vicariously liable for the negligence and fault of their agents and employees as it relates to the medical care and treatment they provided to plaintiff Harvie Watson.

 28. As a direct and proximate result of the separate and/or combined negligence and fault of defendants, individually and by and through their agents and employees, plaintiff Harvie Watson has been made to sustain and suffer serious personal bodily injuries and damages which are permanent and progressive in nature; has had to incur extensive additional medical care and treatment to date; has had to incur the expenses of the additional necessary medical care and treatment to date; will have to receive additional medical care and treatment in the future and the costs associated with the same; has been made to sustain past and future pain, suffering, and mental anguish; has sustained permanent disabilities; has sustained permanent disfigurement; has suffered loss of time and will likely incur a future loss of time, income, and earning capacity; and has sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

29. Plaintiff Harvie Watson is entitled to judgment against the defendants in an amount in excess of $75,000.00

WHEREFORE, plaintiff Harvie Watson prays that judgment be entered in favor of the plaintiff and against the defendants in an amount in excess of $75,000.00, along with the costs of this action and such other relief as the Court deems just and equitable.

    _s/Ronald P. Pope_____
Ronald P. Pope, #11913
Thomas B. Diehl, #23166
RALSTON, POPE & DIEHL, L.L.C.
2913 SW Maupin Lane
Topeka, Kansas 66614
Phone: (785) 273-8002
Fax (785) 273-0744
ron@ralstonpope.com
tom@ralstonpope.com
*Attorneys for the plaintiff*

10